UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-11147-RGS

ALICE GUAN

v.

WENDY BERGER, *Judge, U.S. District Court for the Middle District of Florida*, et al.

ORDER

June 2, 2023

STEARNS, D.J.

*Pro se* litigant Alice Guan ("Guan") brings this action against nine defendants, including three federal judges and two federal courts, alleging that, in the course of proceedings in the United States District Court for the Middle District of Florida, the United States Bankruptcy Court for the Middle District of Florida, and the United States Court of Appeals for the Eleventh Circuit, they conspired to defraud her.  Guan brings claims under 18 U.S.C. § 242, under 42 U.S.C. § 1983, and for tortious interference with contract performance.  Guan paid the $402 filing fee, and summonses have issued. Because Guan's claims against the federal judicial officers and federal courts are frivolous, the court will VACATE the summonses for these defendants,

DISMISS the claims against them, and terminate them as parties to this action.[1]

## I. Judicial Officer Defendants

Guan's claims against the three federal judicial officers (the Honorable Wendy Berger, United States District Court for the Middle District of Florida; the Honorable Karen Jennemann (Retired), United States Bankruptcy Court for the Middle District of Florida; the Honorable Charles R. Wilson, United States Court of Appeals for the Eleventh Circuit) are barred by the doctrine of judicial immunity. Under this doctrine, judges are immune "from liability for damages for acts committed within their judicial jurisdiction . . . even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (stating that "[judicial] immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff'" (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1972))). Even "a conspiracy between judge and prosecutor to

---

[1] A court has the inherent power to dismiss frivolous actions, regardless of the status of the filing fee. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (per curiam); *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985). In legal parlance, a claim is objectively "frivolous" when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors." *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986).

Judicial immunity from claims for damages is only overcome where the judge's alleged misconduct was not taken in the judge's judicial capacity or where the alleged misconduct was taken in complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). "In the absence of all jurisdiction," as the term is used in the context of judicial immunity, "must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). "As such, a judge acts in the clear absence of all jurisdiction 'only when the matter upon which [s]he acts is clearly outside the subject matter of the court over which [s]he presides.'" *Brookings v. Clunk*, 389 F.3d 614, 623 (6th Cir. 2004) (quoting *Johnson v. Turner*, 125 F.3d 324, 334 (6th Cir. 1997)).

Guan's claims for monetary damages against Judge Berger, Judge Jennemann, and Judge Wilson concern alleged conduct by them taken in their respective judicial capacities. Further, their actions were not taken in the absence of all jurisdiction. Guan does not suggest that the proceedings over which these defendants presided are not the type of cases that are heard

3

in their respective courts, or that these defendants lacked to authority to preside over actions in a state district court.

Judge Berger, Judge Jennemann, and Judge Wilson also have judicial immunity with regard to Guan's claims for prospective injunctive relief. Some federal courts have held that federal judicial officers are absolutely immune from claims for prospective injunctive relief. *See, e.g., O'Keefe v. United States Dist. Court.*, 764 Fed. App'x 587 (10th Cir. 2019) (not selected for publication); *Kipen v. Lawson*, 57 Fed. App'x 691, 692 (6th Cir. 2003) (not selected for publication). Other federal courts have concluded that federal judicial immunity was partially abrogated by the Federal Courts Improvement Act of 1996, which amended 42 U.S.C. § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *see also Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (applying amendment of § 1983 to plaintiff's claim against federal judicial officer for injunctive relief, but finding that claim was nonetheless barred because it did not fit within exception provided by the amendment); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (same); *cf. Switzer v. Coan*, 261 F.3d 985, 990 n.9 (10th Cir. 2001) (noting the "thorny legal

4

Case 1:23-cv-11147-RGS   Document 5   Filed 06/02/23   Page 5 of 6

question" whether judicial immunity applies to a claim against a federal judge for equitable relief but not deciding the issue).  Under either rubric, Guan's claims for injunctive relief are barred by judicial immunity.

## II.  Federal Court Defendants

The United States has sovereign immunity from suit unless such immunity has been waived. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  As the United States has not waived its immunity for the claims Guan asserts, her claims against the United States District Court for the Middle District of Florida and the United States Court of Appeals for the Eleventh Circuit are DISMISSED.

## ORDER

In accordance with the foregoing, the court hereby orders:

1.    The summonses for Wendy Berger, Karen Jennemann, Charles R. Wilson, the United States District Court for the Middle District of Florida, and the United States Court of Appeals for the Eleventh Circuit are hereby VACATED.

2.    Guan shall not serve Wendy Berger, Karen Jennemann, Charles R. Wilson, the United States District Court for the Middle District of Florida, or the United States Court of Appeals for the Eleventh Circuit with a summons and complaint or otherwise make any representation to any of

these defendants that they are required to respond to the complaint.  If Guan

has already served any of these parties with a summons and complaint, she

shall promptly notify them of this order.

3.      The claims against Wendy Berger, Karen Jennemann, Charles R.

Wilson, the United States District Court for the Middle District of Florida,

and the United States Court of Appeals for the Eleventh Circuit are

DISMISSED, and the clerk shall terminate these defendants as parties to this

action.

4.      The clerk shall provide a copy of this order to Wendy Berger,

Karen Jennemann, Charles R. Wilson, the United States District Court for

the Middle District of Florida, and the United States Court of Appeals for the

Eleventh Circuit.

**SO ORDERED.**

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE